**Lynn G. Foster (1105)**
**Lynn G. Foster L.C.**
632 12th Avenue
Salt Lake City, Utah 84103
(801) 364-5633
lynn@fosterpatlaw.com

Attorney for Plaintiff
Flexsim Software Products, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Flexsim Software Products, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Simio, LLC, <br><br> Defendant. | **COMPLAINT** <br> JURY TRIAL REQUESTED <br><br> Civil No: 2:16-cv-00820-DBP <br> Magistrate Judge: Dustin B. Pead |

## PARTIES

1. Plaintiff Flexsim Software Product, Inc. ("Plaintiff" or "Flexsim") is a Utah corporation with its headquarters in Orem, Utah. Plaintiff's business consists primarily of the creating, marketing, and selling simulation software, and providing simulation modeling services.

2. Among other products, Flexsim has developed its FlexSim Simulation Software that comprises a simulation engine, a 3D modeling environment, and that provides seamless integration with C++ in discrete event simulation.

1

3. Upon information and belief, Defendant Simio, LLC ("Defendant" or "Simio") is a Delaware limited liability company with a place of business at 504 Beaver Street, Sewickley, Pennsylvania 15143.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1331 and §1338(a) in that it arises under the United States Patent Laws.

5. Simio is subject to this Court's specific personal jurisdiction because it conducts business in this Judicial District, has committed the acts complained of in this Judicial District, and has caused injury to Plaintiff within this Judicial District by virtue of the intended and actual effects of making accusations of patent infringement implicating Flexsim. Those assertions have had a negative and harmful effect on Flexsim within this Judicial District by virtue of the actions that are described herein, causing irreparable harm.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391 and 1400(b). Simio is transacting, doing, and/or soliciting business in this Judicial District and elsewhere in the United States.

7. Additionally, venue is proper in this Judicial District because Simio is directing accusations of patent infringement toward Flexsim in this Judicial District.

## FACTUAL BACKGROUND

8. On or about July 8, 2016, an attorney representing Simio, LLC sent a letter to Mr. William Nordgren, CEO of Flexsim. The letter was sent on Simio's behalf. The letter identified a Simio as the owner of US Patent No. 8,156,468 B2 ("the '468 Patent") and

accused the FlexSim 2016 product as reading upon and therefore infringing claim 1 of the '468 Patent. (Hereinafter, the "July 8th letter").

9. Specifically, the July 8th letter claimed that Flexsim's software product FlexSim 2016 "is described using nearly identical terminology, including 'process,' 'token,' 'step,' and 'event.'" The letter noted that Simio is "not hesitant to take legal action."

10. The July 8th letter demanded Flexsim to "immediately cease and desist from any continued infringement of the '468 Patent," including sales and marketing of FlexSim 2016. The letter also demanded Flexsim provide additional information, including customer lists, purchase price and customer inquiries. Flexsim is harmed by this threat of legal action and demand of customers lists and pricing by attacking the goodwill long established by Flexsim and giving Simio an unfair advantage in the industry by demanding Flexsim trade secret business information.

11. The July 8th letter threatens continued interference in sales of FlexSim 2016 and other FlexSim Software Products.

12. Simio's actions have caused and will continue to cause damage and irreparable harm to Flexsim.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '468 Patent)

13. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-12, above.

14. On April 10, 2012, the '468 Patent, entitled System and Method for Creating Intelligent Simulation Objects Using Graphical Process Descriptions, was issued.

15. Upon information and belief, the inventors of the '468 Patent assigned all rights, title, and interests in the '468 Patent to Simio.

16. Simio has alleged that the FlexSim 2016 software infringes on the claims of the '468 Patent.

17. Simio has threatened enforcement of its patent rights in the '468 Patent against Flexsim. Paragraphs 8 to 10 describe accusations, assertions, claims, and threats that Simio has directed towards Flexsim that have resulted in Flexsim's injury and irreparable harm.

18. Flexsim seeks a declaration that making, using, selling, offering for sale and/or importing the FlexSim 2016 software by Flexsim and its distributors, sales representatives and the like, does not infringe the '468 Patent, directly or indirectly, literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF
### (Declaration of Invalidity of the '468 Patent)

19. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-18, above.

20. Simio states that it is the assignee and owner of the '468 Patent.

21. FlexSim Simulation Software products having features and functionality that anticipate the claimed functionality of the '468 Patent was created and in use and on sale more than one year before the earliest priority date of September 24, 2008 claimed by Simio for the '468 Patent.

22. Other published documentation and products incorporating the claimed subject matter were in use and/or on sale more than one year before the earliest priority date of September 24, 2008 claimed by Simio for the '468 Patent. Furthermore, one of ordinary skill in the art would readily and easily locate such documentation in order to produce the claimed invention of the '468 Patent.

23. The '468 Patent is invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, et seq., including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

24. The '468 Patent is invalid at least under 35 U.S.C. § 101.

25. There has been, and is now, a substantial and continuing justiciable controversy between Flexsim and Simio as to the validity of the '468 Patent.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Unenforceability of the '468 Patent)

26. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-25, above.

27. On information and belief, Simio, the inventors of the '468 Patent and/or its attorneys knew of the existence of prior art material to the patentability of the '468 patent and failed to disclose same to the Patent and Trademark Office as required under 37 C.F.R. § 1.56 with intent to mislead and/or deceive the Examiner.

28. On information and belief, the Examiner relied upon the material omission of the prior art by Simio, the inventors of the '468 Patent and/or its attorneys thus allowing the claims of the '468 Patent to reissue, where the claims would have otherwise remained rejected as unpatentable in the absence of the material misrepresentations and omissions.

29. On information and belief, Simio, the inventors of the '468 Patent and/or its attorneys failed to conduct the prosecution of the '468 Patent with the decorum and courtesy required under 37 CFR § 1.3.

### FOURTH CLAIM FOR RELIEF
### (Tortious Interference with Business Relationship)

30. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-29, above.

31. Plaintiff has valid business relationships with third party vendors, customers and distributors.

32. Upon information or belief, the Defendant knew of the existing business relationships of Plaintiff with third party vendors, customers and distributors.

33. Upon information or belief, the Defendant has actively searched out Plaintiff's business relationships with third party vendors, customers, and distributors.

34. Upon information or belief, the Defendant has unfairly interfered with the existing business relationships of Plaintiff with third party vendors, customers and distributors using improper means.

35. Defendant's interference was intentional and unjustified with improper purpose and/or improper means being used.

36. Plaintiff has been damaged by such interference with existing business relationships.

37. Plaintiff has been irreparably harmed by the unfair competition of one or more Defendant, and will continue to be irreparably harmed by Defendant unless enjoined by this Court.

### FIFTH CLAIM FOR RELIEF
### (Tortious Interference with Business Expectancy)

38. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-37, above.

39. Plaintiff have valid business expectancy with third party vendors, customers and distributors.

40. Upon information or belief, the Defendant knew of the business expectancy of Plaintiff with third party vendors, customers and distributors.

41. Upon information or belief, the Defendant has actively searched out Plaintiff's business expectancies with third party vendors, customers, and distributors.

42. Upon information or belief, the Defendant has unfairly interfered with the business expectancies of Plaintiff with third party vendors, customers and distributors by using improper means.

43. Defendant's interference was intentional and unjustified with improper purpose and/or improper means being used.

44. Plaintiff will continue to be damaged and continue to be irreparably harmed by such interference with business expectancies.

### SIXTH CLAIM FOR RELIEF
(Violation of Unfair Competition Act)

45. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-44, above.

46. Simio has violated the Utah Unfair Competition Act, Utah Code Ann. §13-5a-102 et seq. by intentionally engaging in business acts or practices that are unlawful and unfair including threatening to enforce unenforceable patent rights.

47. Plaintiff was injured by Defendant's unfair competition, and Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, costs and attorneys' fees.

48. Defendant's unfair competition and threat was done knowingly, willfully, and intentionally.

### SEVENTH CLAIM FOR RELIEF
(Unfair Competition Under 15 U.S.C. § 1125)

49. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-48, above.

50. On information and belief, Simio, the inventors of the '468 Patent and/or its attorneys knew of the existence of prior art material to the patentability of the '468 patent and failed to disclose same to the Patent and Trademark Office as required under 37 C.F.R. § 1.56 to obtain issuance of the patent and continue to market and otherwise assert

patent rights in an invention that was in existence more than one year prior to the filing of the application resulting in the '468 Patent.

51. Simio and/or its attorneys knew and were aware prior to sending the July 8th letter that *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. __, 134 S. Ct. 2347, 110 U.S.P.Q.2d 1976 (2014) decided by the United States Supreme Court rendered the '468 Patent invalid and continued to market and otherwise assert patent rights in the '468 Patent, including asserting infringement of the '468 Patent in the July 8th letter.

52. Simio's marketing and assertion of patent rights in the '468 Patent is a misleading deception of fact or false or misleading representation of fact.

## DEMAND FOR JURY TRIAL

Flexsim demands, Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury of any and all issues on which a trial by jury is available under applicable law.

## PRAYER FOR RELIEF

Therefore, Plaintiff prays for judgment as follows:

A. Declaring that the making, using, selling, offering for sale and/or importing of the FlexSim 2016 software product does not and never has infringed the '468 Patent, directly or indirectly, literally or under the doctrine of equivalents;

B. Declaring that all claims of the '468 Patent is invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, et seq., including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103, and 112;

C. That Defendant be permanently enjoined from its unlawful acts;

D. That Defendant has tortiously interfered with Plaintiff's business relationships and expectancies.

E. The Defendant has engaged in unfair competition pursuant to Utah Code Ann. §13-5a-102 et seq. and pursuant to 35 U.S.C § 1125.

F. The Defendant has engaged in inequitable conduct before the United States Patent Office.

G. That Plaintiff be awarded damages, exemplary damages, attorney's fees and its costs of suit, and pre- and post-judgment interest on any money judgment; and

H. For such other relief as the Court deems proper.

DATED this 20th day of July, 2016.

_____
Lynn G. Foster
Attorney for the Plaintiff
Flexsim Software Products, Inc.